# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

US BANK NATIONAL ASSOCIATION, )
        Plaintiff, )
         )
v. )    CIVIL ACTION NO. 5:11-CV-163 (MTT)
         )
ROBIN R. MCELROY, *et. al*, )
         )
        Defendants. )

## ORDER

This matter is before the Court on the Defendants' Notice of Removal. (Doc. 1). The Defendants are attempting to remove an action filed in the State Court of Gwinnett County. According to 28 U.S.C. § 1441, a defendant may remove a case filed against him only "to the district court of the United States for the district and division embracing the place where such action is pending." Here, the Defendants should have removed this action to the Northern District of Georgia.

However, the Northern District of Georgia does not have jurisdiction over this action either. The Northern District of Georgia has already remanded this action to the State Court of Gwinnett County for lack of subject matter jurisdiction because it is a state law dispossessory action. Pursuant to 28 U.S.C. § 1447(d), "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise" unless it is a civil rights case. "Unquestionably, § 1447(d) not only forecloses appellate review, but also bars reconsideration by the district court of its own remand order." *Harris v. Blue Cross/Blue Shield of Ala., Inc.*, 951 F.2d 325, 330 (11th Cir. 1992) (citation omitted). "Because a second removal on the same grounds is, in essence, a

request for review of a remand order by a district court, such removal 'does not reinvest the court's jurisdiction.'" *De La Sancha v. Taco Bell of Am., Inc.*, 2008 WL 5111331 (S.D. Fla. 2008) (quoting *Seedman v. United States District Court for the Central District of Florida,* 837 F.2d 413, 414 (9th Cir.1988)).

Here, the Defendants claim there is federal jurisdiction pursuant to the Federal Fair Debt Collection Practices Act and Truth in Lending Act, but the Magistrate Judge already informed the Defendants that federal jurisdiction is based upon face of the Plaintiff's complaint. Because this removal is based upon the same grounds, a state law dispossessory action, it may not be reconsidered.

Accordingly, because the Northern District of Georgia has already remanded this action for lack of subject matter jurisdiction and the removal is based upon the same grounds, this action is **REMANDED** to the State Court of Gwinnett County.

**SO ORDERED**, this the 12th day of May, 2011.

                                      S/ Marc T. Treadwell
                                      MARC T. TREADWELL, JUDGE
                                      UNITED STATES DISTRICT COURT